JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>REAL PROPERTY LOCATED IN<br>WILDOMAR, CALIFORNIA, (YAP),<br><br>      Defendant.<br><br>_____<br>WELLS FARGO BANK, NATIONAL<br>ASSOCIATION,<br><br>      Claimant.<br>_____ | ) ED CV 11-01606 VAP(SPx)<br>)<br>)<br>)<br>) **CONSENT JUDGMENT OF FORFEITURE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

1    This action was filed on October 6, 2011.  Notice was given

2  and published in accordance with law.  Claimant and lienholder

3  Wells Fargo Bank, National Association ("Wells Fargo") filed a

4  claim and answer on December 8, 2012 and January 25, 2012,

5  respectively.  Wells Fargo provided a loan in the original

6  principal amount of $337,500.00("Loan"), which Loan is secured

7  by, among other documents, a Deed of Trust (the "Deed of Trust")

8  executed by Stephen Yap and dated August 17, 2006, and recorded

9  against the defendant property on August 25, 2006 with the

10  Riverside County Recorder, as instrument no. 2006-0628774.  (The

11  Deed of Trust and all other documents executed in connection

12  with the Loan, or perfecting a security interest granted in

13  connection with the Loan, shall hereinafter be referred to as

14  the "Loan Documents.")  No other claims or answers have been

15  filed, and the time for filing claims and answers has expired.

16  Plaintiff United States of America ("the government") and Wells

17  Fargo have reached an agreement that, without further litigation

18  and without an admission of any wrongdoing, is dispositive of

19  the government's claims against the defendant property, and

20  hereby request that the Court enter this Consent Judgment of

21  Forfeiture.

22    **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

23    1.   As used throughout, the following terms shall have the

24  following meaning:  (a) "defendant property" shall mean the

25  defendant real property located at 33030 Mission Trail,

26  Wildomar, California; and (b) "illegal purpose" shall mean any

27  purpose that furthers or facilitates the distribution or sale of

28  marijuana in violation of federal law, including, but not

1   limited to, renting space to a person or entity that sells or

2   distributes marijuana; or the renting of space to or permitting

3   the continued tenancy of any person or entity that sells,

4   distributes or facilitates the sale or distribution of

5   marijuana.

6       2.    This Court has jurisdiction over the parties to this

7   judgment and the subject matter of this action.

8       3.    On or about October 6, 2012, the government filed a

9   Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)

10  against the defendant real property.

11      4.    Wells Fargo filed a timely claim and answer.  No other

12  claimant has appeared in this action.

13      5.    Notice of this action has been given in accordance

14  with law.  The court entered the default of Stephen M. Yap and

15  Louree Burriss Yap, the titleholders of the defendant property,

16  on May 17, 2012.  No appearances having been made in this action

17  by any person other than Wells Fargo, the Court deems that all

18  other potential claimants admit the allegations of the Complaint

19  to be true.  The Complaint states a valid claim for relief

20  pursuant to 21 U.S.C. § 881(a)(7).

21      6.    Upon execution of this Agreement, Wells Fargo shall

22  forthwith seek relief from the automatic stay resulting from the

23  filing of the bankruptcy petition by Stephen Michael Yap and

24  Louree Burriss-Yap in the United States Bankruptcy Court for the

25  Central District of California (Riverside), Bankruptcy Petition

26  #:6:12-bk-17367-MJ.  Upon the granting of such relief from the

27  stay, Wells Fargo shall, as provided for in the Loan Documents,

28  forthwith exercise its rights of foreclosure against the

1  defendant property, subject to the following:  Wells Fargo, at

2  its cost and expense, shall have the right to perform an

3  environmental inspection and audit of the defendant property.

4  If, following a Phase I Environmental Site Assessment and/or any

5  further environmental subsurface or other investigation of the

6  defendant property (the "Environmental Investigation"), Wells

7  Fargo determines that hazardous substances or other adverse

8  environmental conditions exist at or beneath the defendant

9  property, or are emanating from the defendant property, Wells

10  Fargo has the right to refuse to foreclose upon the defendant

11  property. Wells Fargo shall notify the government within 30 days

12  of completion of the Environmental Investigation that it has

13  decided not to exercise its rights to foreclose.  In that event,

14  the government will have the right to exercise its rights to

15  take possession of and sell the defendant property pursuant to

16  paragraph 14 below.  In the event that Wells Fargo becomes the

17  owner of the defendant property, whether as a result of

18  foreclosure of the Deed of Trust or otherwise, Wells Fargo shall

19  lawfully use and occupy the defendant property in accordance

20  with the restrictions imposed by paragraph 7 below.  If Wells

21  Fargo fails to comply with any of the terms of paragraph 7, the

22  interest of Wells Fargo in the defendant property shall be

23  forfeited to the government pursuant to paragraph 8 below.

24       7.   In the event Wells Fargo becomes the owner of the

25  property, during the time it owns the property, Wells Fargo:

26            a.    shall not use or occupy the defendant property

27            for any illegal purpose (as defined above), nor shall

28

1          it allow the defendant property to be used or occupied

2          for, or involved in, any illegal purpose.

3          b.    shall take reasonable precautions to prevent any

4          destruction to or diminution in value of the defendant

5          property and any fixtures thereto resulting from any

6          illegal purpose.

7          c.    shall not knowingly rent, lease or otherwise

8          allow the use or occupancy of the defendant property to

9          (i) any former tenant who used or occupied the

10         defendant property for any illegal purpose; or (ii) any

11         person Wells Fargo has reason to believe may use or

12         occupy the defendant property for any illegal purpose.

13         d.    shall take reasonable steps to prevent the

14         defendant property from being listed in any

15         advertisement, publication, directory or internet site

16         which advertises or indicates that marijuana is

17         available at the location of the defendant property.

18    8.    In the event that Wells Fargo fails to comply with any

19 of the terms of paragraph 7 of this Consent Judgment during the

20 four (4) year period following the entry of this judgment, the

21 entirety of Wells Fargo's interest in the defendant property

22 shall be ordered condemned and forfeited to the United States,

23 subject to the "notice" and "cure" provisions set forth below.

24 In the event of forfeiture, the Riverside County Recorder shall

25 index this Judgment in the grantor index under the name of Wells

26 Fargo Bank, N.A. and in the grantee index in the name of the

27 United States of America.  If the government believes that Wells

28 Fargo has failed to comply with any provision of paragraph 7, it

1   shall provide written notice of such failure to Wells Fargo (as

2   well as its respective undersigned counsel), describing the

3   provision believed to have been violated.  Wells Fargo shall

4   have fifteen (15) days from its receipt of such notice to cure

5   the violation, or in the event of a failure to comply that

6   cannot be cured within the fifteen day period, initiate within

7   that period steps sufficient to cure the failure in a reasonable

8   period(e.g., initiation of an unlawful detainer action or a

9   default of a loan), and thereafter continue and complete all

10  reasonable and necessary steps to produce compliance as soon as

11  reasonably practicable.  If such actions to cure the violation

12  are not taken, as required above, the government shall file a

13  Notice of Non-Compliance and Forfeiture with the Court, setting

14  out the violation and the failure of Wells Fargo to timely cure

15  the violation.  The government shall provide Wells Fargo with

16  information supporting its allegation that there has been non-

17  compliance.  Wells Fargo shall have fourteen (14) court days

18  from the filing of the Notice to file a motion to seek relief

19  from forfeiture, wherein the moving party may argue that, among

20  other things, it is an "innocent owner" pursuant to 18 U.S.C.

21  §983(d).  If such a motion is filed, the government shall take

22  no further action until the motion has been determined.  If no

23  such motion is timely filed, the defendant property shall be

24  forfeited to the United States on the fifteenth (15th) day after

25  the filing of the Notice of Non-Compliance and Forfeiture,

26  unless the Court orders otherwise.  Upon forfeiture under the

27  terms of this paragraph, the government shall have the right to

28  take possession of the defendant property without further order

1   of the Court, and the United States Marshals Service, or its

2   representatives, shall, without further order of the Court,

3   proceed to take physical possession of the defendant property

4   and its fixtures, and may evict any and all persons, pets,

5   livestock, and personal property from the defendant property as

6   it deems necessary or appropriate.  A "filed"-stamped copy of

7   this Consent Judgment accompanied by a "filed"-stamped copy of a

8   Notice of Noncompliance and Forfeiture and/or order of the

9   Court, shall be sufficient to establish the forfeiture of the

10  defendant property.  In the event that the defendant property is

11  forfeited to the government, Wells Fargo agrees that the United

12  States Marshals Service may proceed to sell the defendant

13  property.  Thereafter, the United States Marshals Service, or

14  its representatives, shall promptly proceed to dispose of the

15  defendant property and to distribute any proceeds from the sale

16  in accordance with the law.

17       9.    In the event Wells Fargo becomes the owner of the

18  defendant property,, or with the consent of the current owner of

19  the defendant property, or upon court order despite a lack of

20  such consent from the current owner, the United States Marshals

21  Service, or its representatives, shall be allowed to enter the

22  defendant property for purposes of inspection and inventory.

23  Such entry shall be permitted by Wells Fargo at a reasonable

24  time to be agreed upon by the parties.  Absent such agreement,

25  the government may apply to the Court for a writ of entry for

26  purposes of protecting the government's interests in the

27  defendant property, in connection with which Wells Fargo may

28  request a hearing.

1     10.   This consent judgment shall only be recorded in

2  accordance with the provisions of paragraph 8 above.

3     11.   In consideration of the government's agreement not to

4  pursue Wells Fargo's interest in the defendant property, Wells

5  Fargo shall pay the sum of $8,000.00 to the government not later

6  than fifteen days following entry of this consent judgment by

7  the Court.   Such payment shall be made in the form of a

8  cashier's check made payable to the United States Marshals

9  Service, and shall be delivered to Assistant United States

10  Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los

11  Angeles, California 90012.   Said sum is hereby ordered forfeited

12  to the United States of America and no other right, title or

13  interest shall exist therein.   The United States Marshals

14  Service is ordered to dispose of the funds in accordance with

15  law.

16     12.   In consideration of Wells Fargo's agreement to forfeit

17  the above-described funds, the government agrees to forego its

18  attempts to forfeit Wells Fargo's interest in the defendant

19  property in connection with any conduct committed up to and

20  including the date of the filing of this proposed consent

21  judgment.   The government agrees that if payment is made as

22  provided in paragraph 11, it shall execute and record a

23  Withdrawal of *Lis Pendens* with the County Recorder of Riverside

24  County within ten days of such payment.

25     13.   Should Wells Fargo fail to make the payment required

26  herein within fifteen days following entry of this consent

27  judgment, the government shall acquire a lien against the

28  defendant real property in the sum of $8,000.00.   The

1  government's lien shall include a right of sale, allowing the

2  government to take possession of and sell the defendant property

3  at any time after fifteen days after entry of this consent

4  judgment, unless the parties agree otherwise in writing.  The

5  government shall give written notice to Wells Fargo by letter

6  directed to Roger D. Reynolds, Senior Counsel, 21680 Gateway

7  Center Dr., Suite 280, Diamond Bar, California 91765, thirty

8  (30) days before the government intends to enforce its right of

9  sale of the property.  At the conclusion of that thirty day

10 period, any occupants or personal property shall be removed from

11 the property.  The United States Marshals Service is hereby

12 authorized to remove any occupants and/or personal property

13 remaining on the defendant property thirty days after the giving

14 of written notice without further order of this Court.  The

15 United States Marshal Service shall thereafter sell the

16 property.  The proceeds of sale shall be applied as follows, to

17 the extent proceeds are available:

18           a.   First, to the costs incurred by the United States

19                Marshals Service in taking possession of and

20                selling the defendant property;

21         b.   Second, to the payment due under the terms of

22                this judgment; and

23           c.   Third, to Wells Fargo.

24      14.   The obligations of Wells Fargo pursuant to this

25 consent judgment, other than the payment by Wells Fargo set

26 forth in paragraph 11, shall terminate and be of no further

27 effect upon the sale or other transfer of ownership of the

28 defendant property to a third party (including the United States

1  Marshals Service), or of the surrender by Wells Fargo of any

2  interest in the property.  Additionally, these obligations shall

3  terminate and be of no further effect in the event that the

4  defendant property is forfeited to the government.

5       15.   Except as otherwise set forth in this Consent Judgment

6  and in particular paragraph 8 above, Wells Fargo has released

7  the United States of America, its agencies, agents, and

8  officers, including, without limitation, employees and other

9  representatives of the Drug Enforcement Administration, from any

10  and all claims, defenses, actions, or liabilities arising out of

11  or related to this action against the defendant real property,

12  including, without limitation, any and all claims for attorneys'

13  fees, costs or interest which may be asserted by them or on

14  their behalf.

15       16.   The parties shall each bear their own costs and

16  attorneys' fees in this action.

17       17.   The Court shall retain jurisdiction over this matter

18  to enforce the provisions of this Consent Judgment.

19       18.   All notices and other communications provided for in

20  this Consent Judgment shall be in writing and shall be effective

21  when given on the earliest of the following dates:  (i)  the

22  date when actually delivered if delivered in person to the

23  recipient; (ii)  on the first (1st) business day after depositing

24  such notice with a reputable independent nationally-recognized

25  overnight courier service addressed to the recipient as set

26  forth below; or (iii)  on the third (3rd) day after depositing

27  such notice in a sealed envelope in the United States mail,

28  postage prepaid, by registered or certified mail, return receipt

1   requested, addressed to, except as otherwise provided in this

2   Consent Judgment, the recipient at the address set forth below:

3   To the Government:  P. Greg Parham, Assistant U.S. Attorney,

4   Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los

5   Angeles, CA 90012.

6   To Wells Fargo: Roger D. Reynolds, Senior Counsel, 21680 Gateway

7   Center Dr., Suite 280, Diamond Bar, California 91765,

8   with a copy to Aaron S. Dyer, Pillsbury Winthrop Shaw Pittman

9   LLP, 725 S. Figueroa St., Suite 2800, Los Angeles, CA 90017.

10  Any notice so given by mail shall be deemed to have been given

11  as of the date of delivery (whether accepted or refused)

12  established by the U.S. Post Office return receipt or the

13  overnight courier's proof of delivery, as the case may be.

14  Dated: June 18, 2012        _____
                                THE HONORABLE VIRGINIA A. PHILLIPS
15                              UNITED STATES DISTRICT JUDGE

16  Approved as to Content:

17

18  DATED: June 14, 2012        ANDRÉ BIROTTE JR.
                                United States Attorney
19                              ROBERT E. DUGDALE
                                Assistant United States Attorney
20                              Chief, Criminal Division
                                STEVEN R. WELK
21                              Assistant United States Attorney
                                Chief, Asset Forfeiture Section
22

23                                 /s/ P. Greg Parham
                                P. GREG PARHAM
24                              Assistant United States Attorney

25                              Attorneys for Plaintiff
                                United States of America
26
    DATED: June 13, 2012        WELLS FARGO BANK, NATIONAL ASSOCIATION
27
                                By:   __/s/ Kimberly Hasen_
28

11

Name: __Kimberly Hasen____

Title: __Vice President___ __

**Approved as to form:**

DATED: June 14, 2012        /s/ Roger D. Reynolds
ROGER D. REYNOLDS
Attorney for Claimant
WELLS FARGO BANK, NATIONAL ASSOCIATION

12